IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEITH WHITLEY     ) | |
|      ) | |
|   Plaintiff     ) | |
|      ) | |
| VS.     ) | Case No: _____ |
|      ) | |
| NEW LEGEND, INC., an Arizona     ) | |
| Corporation and MARIA SANCHHEZ, as     ) | |
| Representative of the estate of JOSE MANUEL     ) | |
| SANCHEZ, JR.     ) | |
|      ) | |
|   Defendants     ) | |

## PLANITFF KEITH WHITLEY'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES COURT:

    Plaintiff Keith Whitley files this First Amended Complaint, complaining of Corporate Defendant New Legend, Inc. (hereinafter "New Legend"), an Arizona Corporation, and individual Defendant Maria Sanchez, as representative of the estate of Juan Manuel Sanchez, Jr. In support, Plaintiff respectfully shows the Court as follows:

### I.    PARTIES

    1. Plaintiff Keith Whitley ("Plaintiff") is an individual who is a resident and citizen of the State of Texas.

    2. Defendant New Legend, Inc., an Arizona Corporation, is a for-profit Corporation organized under the laws of the State of Arizona with its principle offices in the State of Arizona.

    3. Defendant Maria Sanchez, as representative of the estate of Juan Manuel Sanchez, Jr., is an individual who is a resident and citizen of the State of Texas.

## I.  MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named.

## II.  AGENCY AND RESPONDEAT SUPERIOR

5. Prior to and at the time of the wrongful conduct giving rise to Plaintiff's claims, the employees and other agents, including without limitation driver Juan Manuel Sanchez, Jr., of New Legend were acting within the course and scope of their employment or official duties for it.

6. New Legend is responsible for the negligent acts and omissions of each of their employees under the doctrine of *respondeat superior*, including Juan Manuel Sanchez, Jr. When it is alleged in this complaint that New Legend acted or omitted, it is meant that New Legend, Inc.'s employees, servants, agents, agents by estoppel, and/or ostensible agents did such act(s) or failed to act while within their scope of employment with full authority of New Legend.

7. More specifically, at the time of the collision and the occurrences giving rise to these causes of action, Juan Manuel Sanchez, Jr. was an employee (or "statutory employee") of New Legend.

8. New Legend at the time of the wreck, was an intrastate and/or interstate motor carrier and/or federal motor carrier.

9. At all times material to the allegations in this complaint, Juan Manuel Sanchez, Jr. was acting within the course and scope of his employment or official duties for New Legend, and in furtherance of the duties of his offices or employment for New Legend.

10. Moreover, at the time of the wreck and all other times relevant hereto, Juan Manuel Sanchez, Jr. was operating under the authority of New Legend as an interstate or federal motor carrier.

11. New Legend, as the employer and motor carrier, is responsible for the negligent acts or omissions of Juan Manuel Sanchez, Jr. under the principles of *respondeat superior* and/or by virtue of statutory provisions including the Federal Motor Carrier Act and applicable Texas and federal law making him a statutory employee of New Legend.

### III. JURISDICTION

12. This Court does have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that there exists complete diversity of citizenship between plaintiff and defendants in this action, and the amount in controversy vastly exceeds the sum of $75,000, exclusive of interest and costs.

### IV. VENUE

13. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a the acts and omissions giving rise to this lawsuit occurred in Fort Worth, Tarrant County, Texas.

### V. FACTS

14. On or about December 9, 2021, Defendant Juan Manuel Sanchez, Jr. was operating a commercial motor vehicle, on behalf of New Legend traveling westbound on Southeast Loop 820, in lane #4, Fort Worth, Tarrant County, Texas.

15. Plaintiff Whitley was in his own vehicle, a passenger vehicle, also traveling south on Southeast Loop 820, in lane #5, Fort Worth, Tarrant County, Texas.

16. Juan Manuel Sanchez, Jr. failed to keep a proper lookout, and changed lanes from lane #4 into lane #5, occupied by Plaintiff. Upon information and belief, Juan Manuel Sanchez, Jr. was inattentive and/or distracted.

17. Plaintiff has no comparative responsibility for the collision.

18. As a direct and proximate result of the collision, Plaintiff sustained bodily injuries and the legal

damages sought in this complaint.

## VI. COUNT 1

## NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENCE *PER SE*

19. Plaintiff re-alleges each and every allegation in this Amended Complaint and incorporates each allegation into this Count, as if set forth at length here, in its entirety.

20. Defendants owed a duty to conduct themselves in a manner consistent with the traffic and safety laws of the State of Texas and the United States of America, and to act as a reasonably prudent person and/or entity would act.

21. On the occasion in question, the commercial vehicle (owned by New Legend) was operated by Juan Manuel Sanchez, Jr. by and through his employment with New Legend in breach of the duty of ordinary care, the laws of the State of Texas and of the United States and was driven in a negligent manner, which negligence, gross negligence, and negligence *per se* include but are not limited to the following acts of negligence:

   a. Failing to maintain a safe speed in the semi-truck and trailer;

   b. Failing to keep a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   c. Failing to control speed;

   d. Failing to take timely or proper evasive action to avoid the collision at issue;

   e. Failing to pay attention;

   f. Upon information and belief, using a handheld communication device while operating the semi-truck and trailer;

   g. Failing to control the subject vehicle so as not to cause a collision;

   h. Failing to maintain proper attention to the roadway;

   i. Upon information and belief, using a cell phone while operating a commercial motor

   vehicle;

i. Failing to timely apply brakes and slow the semi-truck and trailer;

j. Failing to supervise Juan Manuel Sanchez, Jr.;

k. Operating the tractor-trailer rig in violation of applicable statutory regulations;

l. Driving a large commercial vehicle without sufficient training or experience;

m. Failing to keep an assured safe distance from Plaintiffs' vehicle;

n. Driving a large commercial vehicle without proper supervision or oversight.

22. Such acts of negligence, gross negligence, and negligence *per se* of Defendants whether acts of commission or omission and whether alone or in combination, proximately caused, and were a substantial cause, of the collision and injuries and damages suffered by the Plaintiff.

## VII. COUNT 2

### NEGLIGENT HIRING, TRAINING, SUPERVISION

23. Plaintiff re-alleges each and every allegation in this Complaint and incorporates each allegation into this Count, as if set forth at length here, in its entirety.

24. New Legend had a duty to exercise ordinary care to hire, train and supervise its drivers, including Juan Manuel Sanchez, Jr., with respect to ensuring they were, and would continue, to be safe drivers with knowledge of the matters necessary for the proper operation of the vehicles they controlled.

25. New Legend breached its duty because it knew, or should have known, Juan Manuel Sanchez, Jr. was not a capable, qualified, knowledgeable, and experienced driver.

26. New Legend breached its duty because it failed to provide the necessary training for Juan Manuel Sanchez, Jr. to operate its vehicles in a safe manner and in conformity with the required applicable laws, including the applicable provisions the Texas Transportation Code and

Federal Motor Carrier Safety Regulations.

27. New Legend breached its duty because it failed to supervise Juan Manuel Sanchez, Jr. to ensure he operated its vehicle in a safe manner and could accomplish work assignments in a same manner.

28. New Legend breached its duty because it asked Juan Manuel Sanchez, Jr., an inexperienced driver, to make a trip even when New Legend knew or should have known Juan Manuel Sanchez, Jr. was not experienced enough to make such a trip safely.

29. On information and belief, New Legend breached its duty because it selected Juan Manuel Sanchez, Jr., an inexperienced driver, to make this particular journey even when New Legend, had other more experienced drivers available to make the journey. New Legend selected Juan Manuel Sanchez, Jr. to make this trip for business, financial, or convenience reasons even when New Legend knew that doing so was placing Texas drivers, including but not limited to Plaintiff, at risk.

30. Moreover, New Legend's acts and omissions rose to the level of gross negligence because their acts and omissions, when viewed objectively from Defendant's standpoint at the time of their occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and, New Legend had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others and, specifically, Plaintiff.

## VII.    JURY DEMAND

31. Plaintiff demands a trial by jury.

## VIII.    CONDITIONS PRECEDENT

32. All conditions precedent to the filing of this complaint have been performed or have occurred.

## IX. DAMAGES

33. As a direct and proximate result of the Defendants' negligence, gross negligence and negligence *per se*, Plaintiff suffered the following injuries and damages;

   a. Physical pain and mental anguish in the past and future.

   b. Lost earnings.

   c. Loss of earning capacity.

   d. Physical impairment in the past and future.

   e. Reasonable medical expenses in the past and future.

## X. PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully prays that judgment be entered against Defendants for the following relief:

   a. Actual Damages as complained of above;

   b. Compensatory Damages;

   c. Exemplary Damages;

   d. Court Costs;

   e. The maximum amount of pre- and post-judgment interests allowed by law;

   f. All other damages sought in this Complaint; and

   g. Any such other and further relief, general or special, legal or equitable, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THOMPSON LAW LLP**
3300 Oak Lawn Avenue, 3rd Floor
Dallas, Texas 75219
Tel. 214/755-7777
Fax 214/716-0116

_____
**AMY BRYANT HEFNER**
State Bar No. 24011148
ahefner@triallawyers.com
**RYAN L. THOMPSON**
State Bar No. 24046969
rthompson@triallawyers.com

**ATTORNEYS FOR PLAINTIFF**